IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| DEXTER STURGEON, JR., #1650438, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:20-cv-489-JDK-KNM |
| DIRECTOR, TDCJ-CID, | § § § | |
| Defendant. | § § § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Dexter Sturgeon, Jr., a Texas Department of Criminal Justice inmate proceeding pro se, brings this civil rights lawsuit under 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636.

On January 24, 2022, Judge Mitchell issued a Report and Recommendation recommending that the Court grant Defendant Bobby Lumpkin's[1] motion to dismiss (Docket No. 29) and dismiss this case with prejudice for failure to state a claim upon which relief can be granted. Docket No. 39. Plaintiff timely objected. Docket No. 41.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United*

---

[1] Lumpkin is the current TDCJ-CID Director.

1

*Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

In his objections, Plaintiff reargues that Defendant Lumpkin, as a supervisor, must have known about the allegedly harmful water at the Coffield Unit because he is "in charge of all the TDCJ Units." Docket No. 41 at 1. Specifically, Plaintiff states that he "finds it very[,] very [] hard to believe that Director Lumpkin could claim that he doesn't have any kind of [involvement] with my disease to [sic] when he's the Head Director." *Id.* at 3.

Plaintiff's claim that Defendant "had to have known" is both conclusory and speculative, which does not provide a basis for § 1983 relief. *See, e.g.*, *Spiller v. City of Tex. City, Police Dept.*, 130 F.3d 162, 167 (5th Cir. 1997) (explaining that various conclusory allegations, lacking specifics, are insufficient under § 1983); *see also Arnaud v. Odom*, 870 F.2d 304, 307 (5th Cir. 1989) (unpublished) ("A Plaintiff may not, however, plead merely conclusory allegations to successfully state a section 1983 claim, but must instead set forth specific facts which, if proven, would warrant the relief sought.").

Moreover, as explained in Judge Mitchell's Report, a supervisor may only be held liable if: (1) the supervisor is personally involved in the constitutional deprivation, (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violations, or (3) the supervisory official implements a policy that itself is a repudiation of civil rights and is the moving force

of the constitutional violation. *See Mesa v. Prejean*, 543 F.3d 264, 274 (5th Cir. 2008); *see also Pena v. City of Rio Grande City*, 879 F.3d 613 (5th Cir. 2018).

Here, as Judge Mitchell found, Plaintiff failed to plead sufficient facts indicating that (1) Defendant Lumpkin, as Director of TDCJ, had personal involvement in any constitutional violation, (2) a causal connection exists between any affirmative act of Defendant Lumpkin and a resulting constitutional violation, or (3) any policy exists that is a moving force of any violation. Plaintiff's conclusory and speculative allegations lack facial plausibility that would allow this Court to draw a reasonable inference that Defendant Lumpkin is liable for the alleged misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Having conducted a de novo review of the record in this case, the Magistrate Judge's Report, and Plaintiff's objections, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 39) as the opinion of the District Court. The Court **GRANTS** Defendant Lumpkin's motion to dismiss (Docket No. 29), and Plaintiff's claims are **DISMISSED** with prejudice for failure to state a claim upon which relief can be granted.

**So ordered and signed on this**
**Feb 9, 2022**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE